IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RASHAD C. LEE, #213823, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NO. 2:25-CV-564-RAH-SMD [WO] |
| DARREL FOX, et al., | ) ) | |
| Respondents. | ) | |

## **ORDER**

State inmate Rashad C. Lee has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Lee challenges his guilty plea conviction for murder entered in the Circuit Court of Bullock County in November 2000, for which he is serving a life sentence. *Id*. at 2. Lee claims that he was denied equal protection during sentencing. *Id*. at 5. Specifically, he claims he filed a motion for reconsideration of his sentence, the State moved to dismiss Lee's motion based on lack of jurisdiction, and the court ultimately denied Lee's motion without a hearing. *Id*. However, Lee argues that "the same court and same prosecutor granted (4) other inmates that was similarly situated as [he] was motions, and letters to be resentenced . . . in violation of the 14th Amendment." *Id*. For the following reasons, Lee's § 2254 petition will be dismissed as a successive petition filed without the required appellate court authorization.

Court records reflect that Lee has filed numerous prior petitions for habeas corpus relief under 28 U.S.C. § 2254 challenging the same murder conviction and life sentence.[1] The first appears to have been filed by Lee on September 30, 2005. *See Lee v. Butler et al.*, Case No. 2:05-CV-968-WKW-CSC (M.D. Ala. 2005). In that action, the Court denied Lee relief and dismissed his claims with prejudice, finding his petition was time-barred under 28 U.S.C. § 2244(d). *Id*. (Docs. 22, 26, 27).

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive [petition for writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." The denial of Lee's first § 2254 petition as time-barred constituted an adjudication on the merits, which renders his present petition a "second or successive" petition for purposes of 28 U.S.C. § 2244(b). *See, e.g., Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely); *Harris v. United States*, No. 3:11-CV-655-MEF, 2013 WL 1154226, at *1 (M.D. Ala. Feb. 13, 2013) ("For purposes of AEDPA's successive-motion rules, the dismissal of an initial § 2255 motion as untimely 'counts' and renders a subsequent § 2255 motion 'successive'") (citations omitted).

---

[1] *See, e.g., Lee v. Butler et al.,* Case No. 2:05-CV-968-WKW-CSC (M.D. Ala. 2005); *Lee v. Giles et al.*, Case No. 2:09-CV-234-TMH-CSC (M.D. Ala. 2009); *Lee v. Estes,* Case No. 2:13-CV-797-WHA-CSC (M.D. Ala. 2013); *Lee v. Givens et al.*, Case No. 2:19-CV-471-MHT-CSC (M.D. Ala. 2019); *Lee v. Givens et al.*, Case No. 2:19-CV-472-WKW-CSC (M.D. Ala. 2019); *Lee v. Butler et al.*, Case No. 2:22-CV-19-MHT-CSC (M.D. Ala. 2022); *Lee v. Butler et al.*, Case No. 2:22-CV-74-RAH-SMD (M.D. Ala. 2022); *Lee v. Calloway et al.*, Case No. 2:23-CV-129-MHT-CSC (M.D. Ala. 2023); and *Lee v. Calloway et al.*, Case No. 2:24-CV-57-RAH-SMD (M.D. Ala. 2024).

The Court has repeatedly informed Lee that appellate court authorization is required to proceed with a second or successive § 2254 petition, and he has had countless prior petitions dismissed for lack of such authorization. Nevertheless, Lee has once again furnished no certification from the Eleventh Circuit Court of Appeals authorizing him to proceed on his present petition. Therefore, the petition is due to be dismissed for lack of jurisdiction. *See Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933–34 (11th Cir. 2001) ("Because this undertaking would be his second habeas corpus petition and because he had no permission from us to file a second habeas petition, we conclude that the district court lacked jurisdiction to grant the requested relief. The motion . . . ought to have been dismissed."); *see also Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district court lacks jurisdiction to consider the petition).

Accordingly, it is ORDERED that Lee's 28 U.S.C. § 2254 petition for writ of habeas corpus is DISMISSED for lack of jurisdiction because it is a successive petition filed without the required authorization of the Eleventh Circuit Court of Appeals.

Final judgment will be entered separately.

DONE, on this the 30th day of July 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE